IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| UNITED STATES OF AMERICA | ) | Case No. 7:23CR41 |
|---|---|---|
| | ) | |
| v. | ) | **INDICTMENT** |
| | ) | |
| **BRIAN HOEPPNER,** | ) | **In violation of:** |
| **Defendant.** | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 7206(1) |
| | ) | |

The Grand Jury charges:

## INTRODUCTION

At all times relevant to this Indictment:

1. Brian Hoeppner ("HOEPPNER") was a resident of Roanoke, Virginia, and the owner of a tax preparation business, Blue Ridge Bookkeeping, Inc. ("BRB").

2. The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering the federal tax laws of the United States and for the collection of taxes owed to the United States.

3. The Federal Insurance Contribution Act ("FICA") required employers to withhold Medicare and Social Security taxes from their employees' wages. The Internal Revenue Code also required employers to withhold federal income taxes from their employees' wages. Employers were required to hold these taxes ("trust fund taxes") in trust for the United States and to pay them over to the IRS on behalf of their employees.

4. Employers whose annual liability for trust fund taxes exceeded $1,000 were required to file an Employer's Quarterly Federal Tax Return ("Form 941"). The Form 941 was due to the IRS at the end of the month following the end of each calendar quarter and required the employer to report the total amount of wages and other compensation subject to withholding, the

total amount of income tax withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits the employer made with the IRS.

5. In addition to the trust fund taxes that were required to be withheld from employees' pay, employers were separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions were likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter. These taxes paid by the employer, combined with the trust fund taxes withheld from the employees, are collectively known as "employment taxes."

6. "Company 1" was a client of HOEPPNER's for whom HOEPPNER was hired to process company payroll, to pay Company 1's employment taxes on behalf of Company 1, and to prepare and file Company 1's Forms 941.

7. "Individual 1" was the owner of Company 1. HOEPPNER would invoice Individual 1 for the amount Company 1 owed to HOEPPNER for his services, consisting of payments for the payroll and employment taxes that HOEPPNER agreed to pay on Company 1's behalf, as well as payments for HOEPPNER's fees for his services.

### COUNTS ONE THROUGH FOUR
(Wire Fraud)

8. Paragraphs 1 through 7 of the Introduction of this Indictment are re-alleged and incorporated here.

9. From on or about September 17, 2012, through on or about December 2, 2019, the defendant, BRIAN HOEPPNER, devised and intended to devise a scheme to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, to wit: the defendant devised a scheme to defraud Company 1 and Individual 1 by converting to his

own personal use Company 1's employment taxes that HOEPPNER was supposed to be paying over to the IRS on behalf of Company 1.

**Manner and Means**

10. It was a part of the scheme to defraud that the defendant agreed to be responsible for paying over to the IRS the employment taxes that Company 1 owed to the IRS.

11. It was further part of the scheme to defraud that the defendant deposited Company 1's employment tax payments into a BRB bank account.

12. It was further a part of the scheme to defraud that, rather than pay Company 1's employment taxes over to the IRS as agreed, the defendant spent Company 1's employment tax payments on personal expenses.

13. It was further a part of the scheme to defraud that, after Individual 1 began to receive notices from the IRS about Company 1's delinquent tax payments, the defendant falsely told Individual 1 that the IRS had made a mistake and assured her that she could ignore these notices and that he was taking care of trying to fix the IRS's mistake.

**Execution of the Scheme**

14. On or about each of the dates set forth below, in the Western District of Virginia and elsewhere, the defendant, BRIAN HOEPPNER, for the purpose of executing and attempting to execute the scheme described above, transmitted and caused to be transmitted, by means of wire communication in interstate and foreign commerce, the signals and sounds described below for each count:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 1 | 2/4/19 | $4,575.50 check from Company 1's Pinnacle Financial Partners bank account paid in response to BRB invoice number 5542 and deposited into BRB's Wells Fargo bank account xx0159 |
| 2 | 5/9/19 | Email from the defendant to Individual 1 with the subject line "RE: Ta. Stuff" |
| 3 | 5/24/19 | $4,130.05 check from Company 1's Pinnacle Financial Partners bank account paid in response to BRB invoice number 5712 and deposited into BRB's Wells Fargo bank account xx0159 |
| 4 | 9/23/19 | Email from the defendant to Individual 1 with the subject line "RE: IRS & VEC" |

15. In violation of Title 18, United States Code, § 1343.

## COUNTS FIVE THROUGH EIGHT
(Making and Subscribing a False Tax Return)

16. Paragraphs 1 through 7 of the Introduction of this Indictment are re-alleged and incorporated here.

17. On or about the dates set forth below, in the Western District of Virginia and elsewhere, the defendant, BRIAN HOEPPNER, willfully made and subscribed the following false U.S. Individual Income Tax Returns (Forms 1040), for the calendar years set forth below, which were verified by a written declaration that they were made under the penalties of perjury and which the defendant, BRIAN HOEPPNER, did not believe to be true and correct as to every material matter. The tax returns reported that the defendant, BRIAN HOEPPNER, and his wife had earned the total income amounts identified below and had had withheld the amounts of federal income tax identified below, whereas, as the defendant, BRIAN HOEPPNER, knew he and his wife had not earned the identified amounts of total income and had not had withheld the identified amounts of federal income tax:

| COUNT | APPROXIMATE FILING DATE | YEAR | FALSE ITEM |
|---|---|---|---|
| 5 | April 15, 2018 | 2017 | a. Line 22, Total Income, $116,288<br>b. Line 64, Federal Income Tax Withheld, $6,471 |
| 6 | April 8, 2019 | 2018 | a. Line 5, Total Income, $118,048<br>b. Line 16, Federal Income Tax Withheld, $4,068 |
| 7 | July 15, 2020 | 2019 | a. Line 7b, Total Income, $124,501<br>b. Line 17, Federal Income Tax Withheld, $7,863 |
| 8 | May 5, 2021 | 2020 | Line 25a, Federal Income Tax Withheld, $10,457 |

    18.    In violation of Title 26, United States Code, § 7206(1).

## NOTICE OF FORFEITURE

    1.    Upon conviction of one or more of the felony offenses alleged in Counts One through Four of this Indictment, the defendant shall forfeit to the United States:

    a.  any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

    2.    The property to be forfeited to the United States includes but is not limited to the following property:

    a.  A money judgment in the amount of $125,495.67

    3.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;
    b.  has been transferred or sold to, or deposited with a third person;
    c.  has been placed beyond the jurisdiction of the Court;
    d.  has been substantially diminished in value; or
    e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A **TRUE BILL**, this 21st day of September, 2023.

*s/Grand Jury Foreperson*
FOREPERSON

*PK* Christopher R. Kavanaugh
United States Attorney